JOHN B. FLANIGAN and another *vs.* CITY OF MINNEAPOLIS.

February 9, 1887.

**Minneapolis Municipal Court—Power of Clerk to Receive Amount of Forfeited Recognizance.**—When one under examination before the municipal court of Minneapolis for an indictable offence gives a bond, with sureties, for his appearance before that court on a day to which the examination is adjourned, and fails to appear, that court, while the bond remains in it, may receive from the sureties the amount of the bond, and the clerk of the court is the proper officer to receive it, and the payment and such receipt discharges the sureties.

**Duress—Threats of Illegal Arrest.**— To constitute duress by threats of illegal arrest, the act which the party seeks to avoid must have been done by him through fear of such threatened arrest.

Appeal by defendant from an order of the district court for Hennepin county, *Young,* J., presiding, overruling its demurrer to the complaint, which stated the following facts: On May 12, 1882, one McCarthy was arraigned in the municipal court of the city on a charge of "swindling on a railroad car," and the cause was continued until May 15th, and the plaintiffs, with McCarthy and as sureties for him, executed an "appearance bond," wherein it was provided that if McCarthy failed to appear before the court on May 15th, at 9 o'clock A. M., the plaintiffs and McCarthy should pay to "the state of Minnesota" the sum of $700. McCarthy failed to appear. The chief of police of the city threatened to take the plaintiffs into custody, and conducted them before the clerk of the municipal court, and the clerk demanded of them the sum of $700 because of the condition of the bond, falsely and fraudulently stating to them that he was the proper person to receive such sum. The clerk having the bond in his possession, and the plaintiffs believing and relying on his statements and those of the chief of police, (both of whom, it is alleged, were agents and servants of the city,) the plaintiffs paid the money to the clerk, who at once paid it over to the city treasurer, who still retains it. The clerk's statement was false in that he was not the proper person to receive the money, and the defendant had no claim whatever against the plaintiffs by reason of the bond.

*Judson N. Cross* and *Frank H. Carleton*, for appellant.

*J. C. Worrall*, for respondents.

GILFILLAN, C. J.   The complaint in this case does not make out a case for recovery on the ground of duress.   There was no arrest of the plaintiffs.   The chief of police threatened to take them into custody, and conducted them before the clerk.   A threat of unlawful arrest may constitute duress *per minas*, if sufficient to overcome the mind and will of a person of ordinary firmness.   *Brown* v. *Pierce*, 7 Wall. 205; *Foshay* v. *Ferguson*, 5 Hill, 154.   But in that event the thing which the party seeks to avoid must have been done by him through fear of the threatened arrest.   If it had not that effect, then there was no duress such as will be ground for avoiding his act.   The complaint does not allege that the plaintiffs were under any fear from the threat to take them into custody.

The bond upon which the money sought to be recovered was paid, was executed to secure the appearance of the principal in it before the municipal court of the city of Minneapolis to abide an examination for an indictable offence with which he was charged, and for which he had been arrested under a warrant issued out of that court, and had been arraigned before it, and which examination had been adjourned.   The principal having failed to appear on the day to which the examination was adjourned, the clerk of the court (the bond then being in that court) required them to pay, and they thereupon did pay, to him, as such clerk, the amount of the bond.

The sole question arising on this is the authority of the clerk to receive the penalty in the bond.   If he had authority, it is immaterial to these plaintiffs to whom he paid it, or who was entitled to receive it from him, for the payment to him discharged them.   We are of opinion that he had such authority.   In the examination of persons charged with indictable offences, the municipal court performs the duties of an examining magistrate.   But it acts, in such cases, as a court, and not merely as a magistrate.   Section 23, chapter 3, city charter.   (Sp. Laws 1881, *c.* 76, p. 429.)   It is a court of record. Gen. St. 1878, *c.* 64, § 109.   The clerk is the proper officer to receive "all fines, penalties, and fees of every kind, accruing to the court, or any officer thereof."   Id. § 115.   This must, of course, mean all

fines, penalties, and fees payable into court, for none can accrue to it as to a creditor. So if the court had authority to permit the plaintiff to pay into court the penalty of the bond, and so discharge themselves, the clerk was the proper officer to receive it.

Section 27, chapter 106, Gen. St. 1878, provides: "Any surety in such recognizance may, by leave of the court, after default, and either before or after the process is issued against him, pay to the county treasurer, or to the clerk of the court, the amount for which he was bound as surety, with such costs as the court directs, and be thereupon forever discharged." This includes recognizances for appearance for further examination. Section 10, chapter 106.

This provision, allowing a surety to discharge himself by paying the money without a suit, is a convenient and useful one, and ought to be liberally construed. In a case like that in which the bond was given, the municipal court would undoubtedly, if nothing further should be done, have to return the bond, as well as the other proceedings, to the district court, as a justice of the peace is required to do. But until such return, by which the matter would pass beyond its control, we think that, being a court of record, it has larger powers in such cases than are conferred on a justice of the peace. Thus, on the accused appearing and submitting to the further examination, it might set aside the default entered, and go on with the examination. And we see no reason, if the sureties in a bond for appearance in that court offer, while the bond is in that court, to pay into it the amount of the bond, why it should not receive it, instead of sending them and the bond to the district court. We think it was proper for the court to receive the money.

Regularly, there ought to have been an order entered granting leave to pay the money; but, as no costs had accrued against the sureties, they did all that could be required of them, and the payment of the money, even without a formal order, discharged them. It was the duty of the clerk to enter the fact of payment, and, there being no allegation to the contrary, it is to be presumed that he did so, and that the record of the court shows the fact of payment, and the consequent discharge of the plaintiffs.

Order reversed.